FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2021 APR 22 PM 12: 11

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

TODD ENGLES

CASE NO. 6:21-cr-64-PGB-GJK
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about November 12, 2020, in the Middle District of Florida, and elsewhere, the defendant,

TODD ENGLES

did use, persuade, induce and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction

was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

On or about January 1, 2021, in the Middle District of Florida, and elsewhere, the defendant,

## TODD ENGLES

did knowingly distribute child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT THREE

On or about January 10, 2021, in the Middle District of Florida, and elsewhere, the defendant,

## TODD ENGLES

did knowingly distribute child pornography, that is, a visual depiction of a

minor engaging in sexually explicit conduct, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

### COUNT FOUR

On or about January 12, 2021, in the Middle District of Florida, and elsewhere, the defendant,

### TODD ENGLES

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

### COUNT FIVE

On or about January 14, 2021, in the Middle District of Florida, and elsewhere, the defendant,

### TODD ENGLES

did knowingly possess material that contained images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, including the visual depictions identified in the computer files ending, 66ef13e480be.mp4 and 829099082901.mp4.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon a conviction of a violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine,

periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

      b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.    The property to be forfeited includes, but is not limited to, the following: (i) black Apple iPhone XS.

4.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

                                                  A TRUE BILL,

                                                  _____
                                                  Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
Karen L. Gable
Assistant United States Attorney

By: _____
Ilianys Miranda Rivera
Assistant United States Attorney
Deputy Chief, Orlando Division

6

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

TODD ENGLES

## INDICTMENT

Violation:   18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

A true bill,

_____
Foreperson

Filed in open court this 21st ~~21st~~ 22 day of April, 2021.

_____
Clerk

Bail   $_____