AF Approval _[signature]_                                    Chief Approval _[signature]_

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO. 6:21-cr-64-PGB-GJK

TODD ENGLES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, TODD ENGLES, and the attorney for the defendant, Ali Kamalzadeh, Esq., mutually agree as follows:

**A.**    **Particularized Terms**

    1.    <u>Counts Pleading To</u>

The defendant shall enter a plea of guilty to Counts One, Four, and Five of the Indictment. Count One charges the defendant with Sexual Exploitation of Children (Production of Child Pornography), in violation of 18 U.S.C. § 2251(a). Count Four charges the defendant with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). Count Five charges the defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

    2.    <u>Minimum and Maximum Penalties</u>

Count One is punishable by a mandatory minimum term of imprisonment of 15 years, up to 30 years; a fine of no more than $250,000; a term of

Defendant's Initials _TE_

supervised release of at least 5 years, up to life; and a special assessment of $100. Count Four is punishable by a mandatory minimum term of imprisonment of 5 years, up to 20 years; a fine of no more than $250,000; a term of supervised release of at least 5 years, up to life; and a special assessment of $100.  Count Five carries a maximum sentence of 10 years' imprisonment; a fine of no more than $250,000; a term of supervised release of at least 5 years, up to life; and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

In addition, the Court may impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of no more than $50,000 for an offense involving production of child pornography, in violation of 18 U.S.C. § 2251(a).

Defendant's Initials _TE_                     2

The Court may impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of no more than $35,000 for an offense involving trafficking in child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

The Court may impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of no more than $17,000 for an offense involving possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First:</u>    An actual minor, that is, a real person who was less than 18 years old, was depicted;

<u>Second:</u>    the Defendant used, persuaded, induced, and enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct or for the purpose of transmitting a live visual depiction of such conduct; and

<u>Third:</u>    either (a) the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

The elements of Count Four are:

| | |
|---|---|
| First: | The defendant knowingly distributed an item or items of child pornography; |
| Second: | the Defendant transported the item of child pornography using a means or facility of interstate or foreign commerce; and |
| Third: | when the defendant distributed the items, the defendant believed the items were or contained child pornography. |

The elements of Count Five are:

| | |
|---|---|
| First: | That the defendant knowingly possessed an item or items of child pornography, as charged; |
| Second: | that such item of child pornography had been transported in interstate or foreign commerce, including by computer, or in or affecting interstate of foreign commerce, including by computer, or was produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and, |
| Third: | that at the time of such possession, the defendant believed that such items constituted or contained child pornography. |

4.     **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant,

Counts Two, and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials ___TE___                    4

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make full restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7. <u>Restitution to Persons Other Than the Victim of the Offense of Conviction - Agreed Upon Amount</u>

Pursuant to 18 U.S.C. §§ 3663(a)(3) and/or 3663A(a)(3), defendant agrees to make restitution to Child Victim-2, and all other victims identified at the time of sentencing, for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials _TE_              5

8.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit

Defendant's Initials  JF                    6

referenced in Paragraph B.5., the United States agrees to file a motion pursuant to

USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant

understands that the determination as to whether the defendant has qualified for a

downward adjustment of a third level for acceptance of responsibility rests solely

with the United States Attorney for the Middle District of Florida, and the defendant

agrees that the defendant cannot and will not challenge that determination, whether

by appeal, collateral attack, or otherwise.

> 10.   <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the

investigation and prosecution of other persons, and to testify, subject to a prosecution

for perjury or making a false statement, fully and truthfully before any federal court

proceeding or federal grand jury in connection with the charges in this case and other

matters, such cooperation to further include a full and complete disclosure of all

relevant information, including production of any and all books, papers, documents,

and other objects in defendant's possession or control, and to be reasonably available

for interviews which the United States may require.  If the cooperation is completed

prior to sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United States

Attorney for the Middle District of Florida, warranting the filing of a motion at the

time of sentencing recommending (1) a downward departure from the applicable

guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below

a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the

Defendant's Initials  _TC_            7

cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

Defendant's Initials __TP__                    8

The assets to be forfeited specifically include, but are not limited to, the following: black Apple iPhone XS, which asset was used to commit the offenses of conviction.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be

Defendant's Initials ___TE___                    9

interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture

Defendant's Initials __TE__                 10

cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

Defendant's Initials _TE_                    11

binding upon defendant's heirs, successors and assigns until the agreed forfeiture,

including satisfaction of any preliminary order of forfeiture for proceeds.

    13.   <u>Sex Offender Registration and Notification</u>

        The defendant has been advised and understands, that under the Sex

Offender Registration and Notification Act, a federal law, the defendant must

register and keep the registration current in each of the following jurisdictions: the

location of the defendant's residence, the location of the defendant's employment;

and, if the defendant is a student, the location of the defendant's school.  Registration

will require that the defendant provide information that includes name, residence

address, and the names and addresses of any places at which the defendant is or will

be an employee or a student.  The defendant understands that he must update his

registrations not later than three business days after any change of name, residence,

employment, or student status.  The defendant understands that failure to comply

with these obligations subjects the defendant to prosecution for failure to register

under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment,

or both.

**B.**    **<u>Standard Terms and Conditions</u>**

    1.   <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or

in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any

victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18

U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to

Defendant's Initials ‾TE‾‾‾           12

any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

2.    <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials __TE__                    13

4.  <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five

Defendant's Initials _TF_                    14

years.  The defendant similarly agrees and authorizes the United States Attorney's

Office to provide to, and obtain from, the United States Probation Office, the

financial affidavit, any of the defendant's federal, state, and local tax returns, bank

records and any other financial information concerning the defendant, for the

purpose of making any recommendations to the Court and for collecting any

assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant

expressly authorizes the United States Attorney's Office to obtain current credit

reports in order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

    6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor

bound by this agreement.  The Court may accept or reject the agreement or defer a

decision until it has had an opportunity to consider the presentence report prepared

by the United States Probation Office.  The defendant understands and

acknowledges that, although the parties are permitted to make recommendations and

present arguments to the Court, the sentence will be determined solely by the Court,

with the assistance of the United States Probation Office.  Defendant further

understands and acknowledges that any discussions between defendant or

defendant's attorney and the attorney or other agents for the government regarding

any recommendations by the government are not binding on the Court and that,

should any recommendations be rejected, defendant will not be permitted to

withdraw defendant's plea pursuant to this plea agreement.  The government

Defendant's Initials  TF          15

expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials ___TE___          16

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials ⟶TE⟵                    17

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement

Defendant's Initials _TE_                18

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___2rd___ day of ~~August,~~ September 2021.

KARIN HOPPMANN
Acting United States Attorney

TODD ENGLES
Defendant

Jennifer M. Harrington
Assistant United States Attorney

Ali Kamalzadeh, Esq.
Attorney for Defendant

Ilianys Rivera Miranda
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials ___TE___          19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:21-cr-64-PGB-GJK

TODD ENGLES

PERSONALIZATION OF ELEMENTS

With respect to Count One:

First:    Was an actual minor, that is, a real person who was less than 18 years old, depicted?

Second:   Did you employ, use, persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct or for the purpose of transmitting a live visual depiction of such conduct?

Third:    Was at least one of the following true: (a) you knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce?

Defendant's Initials _TE_                    20

With respect to Count Four:

> First:   Did you knowingly distribute an item or items of child pornography?

> Second:   Was at least one of the following true: (a) you distributed the item or items of child pornography using any means or facility of interstate or foreign commerce; or (b) the item or items of child pornography had been shipped or transported in or affecting interstate or foreign commerce?

> Third:   When you distributed the item, did you believe the item was or contained child pornography?

With respect to Count Five:

> First:   Did you knowingly possess an item or items of child pornography, as charged?

> Second:   Was at least one of the following true: (a) the item or items of child pornography had been transported in interstate or foreign commerce, including by computer; (b) the item or items of child pornography had been transported in or affecting interstate or foreign commerce, including by computer; or (c) the item or items of child pornography were produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer?

> Third:   When you possessed the item(s), did you believe the item(s) constituted or contained child pornography?

Defendant's Initials ___TE___          21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:21-cr-64-PGB-GJK

TODD ENGLES

### FACTUAL BASIS

**ENGLES' Victimization of CV-1 (Count One)**

On or about November 12, 2020, in the Middle District of Florida, and elsewhere, the defendant, TODD ENGLES, did use, persuade, induce and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, or the visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, or the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

On or about November 12, 2020, ENGLES, using the screen name robertsmith, persuaded and enticed a female child (CV-1) between the ages of nine and eleven-years-old to engage in sexual conduct and to transmit a live visual

Defendant's Initials _TE_                    22

depiction of the conduct on a social media application.  ENGLES recorded the video

on his iPhone.  ENGLES used the profile picture of a young boy that appears to be

approximately 13 to 15 years-old to communicate with CV-1 on the social medial

application.  Law enforcement recovered the chat communications and video from

ENGLES's iPhone.  During the video chat communications, the following occurred:

ENGLES:  When we ft (facetime) take ur shirt off and show ur pussy.

CV-1:  Ok you too then

ENGLES:  hold on

CV-1:  When do you want to do it

ENGLES:  In a minute

CV-1:  Ok call me when you are ready

ENGLES:  Ok hold on Ok ready Get naked

CV-1:  Yea Ok

***

ENGLES:  Show ur pussy now bby

***

ENGLES:  Show ur pussy now bby Stick ur tongue out for daddy

Approximately 16 seconds into the video, a female approximately nine to

eleven years-old appears on the screen and exposes her naked vagina.  She is wearing

a pink shirt with multi-colored donuts on the front.  Approximately 23 seconds into

the video, the child turns around and exposes her naked buttocks and vagina from

the rear.  The child exposes her vagina from different angles to the camera.  Later,

Defendant's Initials __TE__            23

the child sticks out her tongue.  At the conclusion of the video, the CV tells ENGLES acting as robertsmith, "I gtg right now talk to you later ... Love you Bye cutie." ENGLES replies in the chat, "I will make stuff cone out.  Hurry Call me." During their video communications, ENGLES was masturbating over his sink. ENGLES focused the camera on his penis and his face was not visible.

ENGLES used an Apple iPhone XS to commit this offense.  ENGLES was in the Middle District of Florida when he committed this offense.

**ENGLES' Victimization of CV-2**

On multiple occasions, ENGLES persuaded and enticed a female child (CV-2) between the ages of nine and ten-years-old to engage in sexual conduct and to produce a visual depiction of the conduct on a social media application.  For example, on one occasion, ENGLES screen recorded the conversation and the playing of a video sent by CV-2. During this screen recording, the following occurred:

ENGLES: Bby not yet but make sure u delete our whole text when we're done so u don't get caught Did u like my cum?

***

ENGLES: Get on ur knees with self timer and show daddy ur butt and pussy from the back And wiggle and twerk Bby do what I say and get on ur knees

At approximately 9 seconds into the video, a female approximately nine to ten years-old exposes her vagina to the camera.  She then appears on a tile floor on her

Defendant's Initials  _JE_                    24

hands and knees with her anus and vagina exposed.  She appears to move her vagina around, like she is "twerking."  The focal point is on her genitals.  The female also touches her vagina.  An unsent message appears in the text box from ENGLES that states: "Good daddy's girl *drooling face emoji*."

ENGLES used an Apple iPhone XS to commit this offense.  ENGLES was in the Middle District of Florida when he committed this offense.

**ENGLES' Victimization of Others**

On ENGLES' Apple iPhone XS, law enforcement located in a mobile messaging application, chat communications between ENGLES using the screen name Robert Smith and other users, during which ENGLES admitted to establishing accounts on several social media applications posing as a young boy or young girl, and using those accounts and fake identities to entice minors to engage in sexual activity.

For example, during a chat on or about December 22, 2020, between ENGLES and a user JS, ENGLES states the following:

ENGLES: Been doing it for like 8 years lol the youngest I've had send me nudes was like 7, anything [sic] can do it, just gotta make your accounts look real

During a Kik chat on or about January 3, 2021 between ENGLES and a user TW, ENGLES stated the following:

TW:  Any tips on finding these beauty's

ENGLES:  You have to start off by making a catfish account of a young boy that you have to pretend to be, and get your followers up on that account first by

Defendant's Initials  _T E_          25

going around and following a bunch of people or they will think you're fake, then just search "freaky" accounts.

During a chat from January 1, 2021 through January 5, 2021, between ENGLES, using the screen name Robert Smith, and user B.H., ENGLES stated the following:

B.H.:  Who is the girl on your profile

ENGLES:  A girl I've talked to, she's 10 now

B.H.  So pretty

B.H.  You get her sending nudes?

ENGLES:  Yea I have a few of her

B.H.  Awesome

B.H.  Where she from?

ENGLES: (ENGLES transmitted an image of a naked prepubescent child with her breasts exposed, 1/1/2021 3:46:00 PM (UTC-5))

ENGLES: UK

ENGLES: (ENGLES transmitted an image of a naked prepubescent child with her legs spread exposing her vagina, 1/1/2021 3:46:20 PM (UTC-5))

ENGLES: (ENGLES transmitted an image of a naked prepubescent child with her legs spread and fingers on her vagina, 1/1/2021 3:46:50 PM (UTC-5))

B.H.:  Yummy yummy

B.H.:  Can you imagine licking that sweet virgin pussy?

ENGLES:  Man, I'd eat her pussy all day.

Defendant's Initials ___TE___            26

ENGLES:  It doesn't get any fresher than that

\*\*\*

ENGLES:  Yea good little sluts. I talk to a lot. around 8-14.

B.H.:  Do they know you are a much older man?

ENGLES:  TikTok and nah I pretend to be 14-16

ENGLES:  This one 13 y/o I told her I'm 27 and she doesn't care

B.H.:  They don't ask for your pic

B.H.:  Hot

ENGLES:  I'm good at what I do. I have an entire catfish account of a 15-year-old boy [I] pretend to be

B.H.:  13 is very Hot

ENGLES:  My favorite age is 10-11

ENGLES:  Budding nips and hairless pussy

ENGLES:  Yep

\*\*\*

ENGLES:  This is what I do all day man, I try and get nudes from real girls lol

B.H.:  Do these girls want dick

ENGLES:  Most of them do, that 11 I showed you called me daddy all the time and wanted dick bad

ENGLES:  Dude, I'd literally drug them and fuck them without them knowing

Defendant's Initials __TE__                    27

B.H.: I chatted with a mom from Scotland that wanted to see her 8 year old daughter abused

ENGLES: Fuckkk, that's my dream

ENGLES: I'd literally rape a 2 year old idc

***

ENGLES: whats the difference between raping a baby or a 12 year old

B.H. baby is so small and innocent

ENGLES: So is a 12 year old

ENGLES: Rape is rape

## ENGLES' Distribution of Child Sexual Abuse Material (Counts Two through Four)

On or about January 12, 2021, in the Middle District of Florida, and elsewhere, the defendant, TODD ENGLES, did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, using any means and facility of interstate and foreign commerce, or that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

Law enforcement located on ENGLES's iPhone hundreds of chat communications between ENGLES and other users on Kik. Many of the chat communications occurred during group chats devoted to child sexual exploitation and rape. During many of these communications, ENGLES distributed images and videos of child pornography using the screen name Robert Smith.

Defendant's Initials _TE_             28

For example, on or about January 1, 2021, while in a group chat with a stated focus on rape, ENGLES, using the screen name Robert Smith, distributed an image depicting a naked prepubescent female child approximately ten to twelve years old sitting on the floor with her legs spread and exposing her genitals. This is the image charged in Count Two. ENGLES made the following comments during the chat:

ENGLES: Yeah she's perfect. She was 9 there, she's 10 now, I was talking to her for months

ENGLES: Yeah shes sexy

ENGLES: Begging to stop, I love rape

ENGLES: But a good 10 year old actually moaning and enjoying it is hot as well

ENGLES: I would 100% do that idc [I don't care]

ENGLES: I'm into hardcore drugged rape and that

On or about January 10, 2021 and January 12, 2021, ENGLES distributed two videos depicting the sexual abuse of an infant and a prepubescent boy approximately five to seven years old in a group chat on Kik. The originator of the group posted the following initial message:

"Rape only😈😊 No age limit just have to be rape. (Real, Fake, Boy, Girl or whatever) it don't matter contribute or get kicked. IF U SEND ANYTHING ELSE OTHER THAN RAPE U WILL BE KICKED AND BANNED…ENJOY THE FUN😈😈😈"

Defendant's Initials _TE_          29

On or about January 10, 2021, ENGLES distributed to the group a one minute and 38 second video showing an adult male anally penetrating a child with his penis. The child is about five to seven years old and wearing a gray mickey mouse shirt with a long sleeve white shirt underneath. The child can be heard crying during the entire incident.  This is the video charged in Count Three.

On or about January 12, 2021, ENGLES distributed to the group a one minute and 25 second video showing a male anally penetrating an infant.  The child is crying throughout the incident.  After the male ejaculates in the child, he turns the child around and wipes what appears to be blood from the child's anus.  This is the video charged in Count Four.  ENGLES made the following comments when he distributed the video:

ENGLES: Here's the other half of that video where he cums inside the kids ass

ENGLES: u can almost see blood

ENGLES: Raw for sure

ENGLES used an Apple iPhone XS to commit these offenses.  ENGLES was in the Middle District of Florida when he committed these offenses.

### ENGLES' Possession of Child Sexual Abuse Material (Count Five)

On or about January 14, 2021, in the Middle District of Florida, and elsewhere, the defendant, TODD ENGLES, did knowingly possess material that contained images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means

Defendant's Initials _TE_                          30

and facility of interstate and foreign commerce, or in and affecting interstate and

foreign commerce by any means, including by computer,  or that were produced

using materials that had been shipped and transported in and affecting interstate and

foreign commerce by any means, including by computer, including the visual

depictions identified in the computer files ending, 66ef13e480be.mp4 and

829099082901.mp4.

Law enforcement reviewed the contents of ENGLES's Apple iPhone XS (which

was manufactured in China) and located over 600 images and videos depicting the

sexual abuse of infants, toddlers, and prepubescent and pubescent children.  Two of the

videos are described below:

(i)  File Name ending 66ef13e480be.mp4:

This is a 52 second video showing an adult male sitting on top of an

infant approximately three to six months old and placing his penis in the infant's

mouth.

(ii)  File Name ending 829099082901.mp4:

This is a 43 second video showing an adult male anally penetrating a

prepubescent female child approximately three to five years old.  The child is lying

on her back while the adult male is holding her legs up and violently penetrating the

child's anus with his erect penis.  The child is hysterically crying during the entire

video.

ENGLES used an Apple iPhone XS to commit this offense.  ENGLES was in

the Middle District of Florida when he committed this offense.

Defendant's Initials _TE_                    31